## TURNIPSEED v. CROOK, ADM'R, ET AL.

1. When it appears by the allegations of the bill, that the complainant is seeking relief against the defendant, in another bill, for the same cause of action, the bill will be dismissed, whether such previous suit is, or is not then pending.

Error to the Chancery Court of Benton.

THE bill was filed by the plaintiff in error, and alledges, that in the year 1835, he held as his own property, two notes on one Allen Elston, amounting to $1,100.    That Samuel F. Clauson (defendant's intestate,) being anxious to make a profit by the purchase, and sale of a tract of land, (which is described,) applied to complainant for the notes of Elston, to enable him to make the purchase ; whereupon it was agreed between him and complainant, that Clauson should purchase the land with the notes, and as soon as he could make sale thereof, he would return to complainant the amount of the notes, and also pay complainant one-half the profit that might be realized by a sale of the land.  That Clauson received the notes upon this agreement, and with them, together with $1,400 of his own money, purchased the land. That some time after the purchase, Clauson could have sold the land for $8,000, but refused to sell it, and declared that he intended to keep it for his own use.   These facts did not come to complain-

113

ant's knowledge until 1842. That the land has since greatly diminished in value, and that Clauson, upon application to him to sell the land under the contract, denied the agreement as here stated, and refused to execute it.

The bill further alledges, that on the 4th September, 1839, the complainant filed a bill in chancery against Clauson and others, for the settlement of certain partnership accounts, between himself, Clauson and others, in which bill the transaction here narrated, was inserted, which was done under the advice of counsel, to avoid multiplicity of suits, as it was possible that the chancellor, under that bill, would also determine the rights of complainant, as well under said contract, as under the partnership transactions. That the bill was objected to for multifariousness, and overruled by the chancellor, on the ground that relief was not prayed under the agreement, but that it was stated in explanation of the partnership transactions.

The heirs and representatives of Clauson are made defendants, and the prayer of the bill is for such relief in the premises as the nature and circumstances of the case may require.

The chancellor, on motion, dismissed the bill, from which this writ is prosecuted.

T. D. Clarke, for plaintiff in error, insisted,

1. That although the agreement was not in writing, relief could be afforded.

2. That equity would regard Clauson as holding the land in trust for the benefit of complainant, to the extent of his interest. [2 Story, 449, § 1206 and 1207 ; 2 Ves. & B. 388 ; 7 Vesey, 453, 425, 435 ; 1 Cox, 165 ; 3 M. & S. 562; 3 Mason, 347, 360; 3 Bibb, 15; 2 Johns. Ch. 409; 1 R. & M. 53; 3 Hayw. 253; 4 J. J. M. 593 ; 2 Eq. Dig. 475, § 43, 62 ; 4 Bibb, 102.]

W. P. Chilton.—This is a parol agreement to buy a particular tract of land, and is within the statute of frauds. There is no partnership alledged—no loss could be charged upon the complainant. Nor can any trust be raised by implication of law, as the frame of the bill is not designed to present that question, but is for a sale of the land, and division of the profits. The Court will not go beyond the averments of the bill.

ORMOND, J.—Waiving the question, whether the bill states such a contract as could be enforced, not being in writing, and relating to the purchase and sale of lands, we think it sufficiently appears by the bill, that the complainant at the time his bill was filed, was seeking relief against the defendants, in a bill filed by him against the defendants and others, upon the claim here insisted on. It was moved to dismiss that bill for multifariousness, which the chancellor refused, upon the ground that the complainant had properly brought it to the notice of the Court, as a portion of the partnership effects there sought to be settled, which had gone into the hands of Clauson, the ancestor of the present defendants. It is too late now for him to contend, that it was more advantageous to him, to consider it as a contract between him and Clauson, in which the partnership had no interest. In that aspect of the case his bill for a settlement of the partnership accounts was multifarious, and it was only by affirming the complainant's view of it, that it was not an individual contract, between himself and Clauson, but was in substance an allegation merely, that the Elston note was partnership property, and having been received by Clauson, it was right he should be charged with it, and account for it, that the bill could be sustained.

These facts being admitted by the bill, it cannot be sustained, as the complainant might, if this were to be tolerated, recover twice upon the same cause of action. Although not necessary, it may be proper to state, that the bill filed by the complainant for settlement of the partnership accounts, has been before us at the present term, and in the account there stated, Clauson was charged with these notes as partnership property. The result however would be the same, if the bill was still pending. The same matter here attempted to be introduced, being there put in issue, must be there determined.

The decree of the chancellor dismissing the bill, is affirmed.